ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 31 AM 8:20

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOHN FOWLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-136 |
| | ) |
| JOSEPH PARIS, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 30, 2005, the Court ordered plaintiff in this Title 42, United States Code, Section 1983 action to complete a Consent to Collection of Fees form and a Trust Account Statement. Plaintiff submitted those forms on November 16, 2005. The Court directed plaintiff to submit a $5.00 initial filing fee within thirty days on November 23, 2005. After obtaining an extension of time to comply with the Court's Order, plaintiff submitted a $2.00 filing fee on January 23, 2006. With the understanding that plaintiff is responsible for paying his filing fee in its entirety as funds become available, the Court will proceed with his claim.

The Prison Litigation Reform Act requires the Court to screen plaintiff's complaint for the purpose of identifying claims subject to immediate dismissal. 42 U.S.C. § 1997e(c)(1). While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof,

that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that plaintiff's complaint be **DISMISSED** for failure to state a claim on which relief may be granted and that judgment be **ENTERED** in favor of defendant.

## I. BACKGROUND

According to the allegations in plaintiff's complaint, the substance of which the Court accepts as true for the purposes of this review, plaintiff, an inmate at Wheeler Correctional Facility, has "severe flat feet" that require arch support in his footwear. The prison issued a pair of shoes to plaintiff that lacked sufficient arch support.

Plaintiff states that his achilles tendon "popped" on September 14, 2003. Dr. Sightler, who the Court presumes is a prison physician, x-rayed plaintiff's ankle the next day. Plaintiff received a hard cast from Dr. Rosenbaum, another prison physician, and a prescription for arched footwear on September 17, 2003. A magnetic resonance image ("MRI") exam performed on September 30, 2003, confirmed that plaintiff had torn his achilles tendon.

On December 16, 2003, plaintiff underwent surgery for his injury. Plaintiff contends that the "inappropriate wait" for his surgery amounted to a deliberate indifference to his serious medical needs. According to plaintiff, he now walks with a cane and will be unable to continue his profession as a tree climber because of his injury.

## II. DISCUSSION

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

3

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

In this case, plaintiff, after his injury,[1] meets the objective component of the deliberate indifference standard. His ankle injury was sufficiently serious to require medical attention. Plaintiff, however, has not alleged or shown that any prison doctors intentionally refused to provide him with medical care. While plaintiff's claims, if true, might give rise to a medical malpractice claim, they do not amount to the sort of deliberate indifference of serious medical needs subject to redress under Section 1983.

Plaintiff's claim also must fail for a more fundamental reason. The only named defendant on the face of plaintiff's complaint is "Joseph Paris." Defendant Paris, however, is not named anywhere in the factual allegations submitted by plaintiff. Plaintiff does not name any of the persons mentioned in his factual allegations as defendants in this action, nor does he assert factual allegations against defendant Paris. For these reasons, his complaint should be dismissed.

---

[1] The Court, however, does not find that plaintiff's "severe flat feet" amounted to a serious medical condition requiring treatment prior to his injury.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to state a claim on which relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that plaintiff's complaint be **DISMISSED** and that judgment be **ENTERED** in favor of defendant.

SO REPORTED and RECOMMENDED this 31st day of January, 2006, in Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE